# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

JUN 29 1998

MICHAEL N. MILBY, CLERK OF COURT

|  |  |
|---|---|
| AMERICAN INSURANCE COMPANY | § |
|  | § |
| Plaintiff, | § |
|  | § |
| v. | § |
|  | § |
| WATCHTOWER BIBLE & TRACT | § CIVIL ACTION NO. **H-98-2022** |
| SOCIETY OF NEW YORK, INC., | § |
| WATCHTOWER BIBLE & TRACT | § |
| SOCIETY OF PENNSYLVANIA; | § |
| WATCHTOWER BIBLE & TRACT | § |
| SOCIETY OF NEW JERSEY, INC.; | § |
| and BROWNSVILLE EAST KINGDOM | § |
| HALL OF JEHOVAH'S WITNESSES | § |
|  | § |
| Defendants. | § |

## AMERICAN INSURANCE COMPANY'S
## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**COMES NOW** Plaintiff, American Insurance Company, a Nebraska Corporation

("AIC"), and files this its Original Complaint for Declaratory Judgment against Defendants,

Watchtower Bible & Tract Society of New York, Inc.; Watchtower Bible & Tract Society of

Pennsylvania; Watchtower Bible & Tract Society of New Jersey, Inc.; and Brownsville East

Kingdom Hall of Jehovah's Witnesses, and states as follows:

1.    Plaintiff brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgments) and, pursuant to the Texas Civil Practice and Remedies Code § 37.001 et seq. (the Uniform Declaratory Judgment Act), for a determination of the parties' rights and obligations under three policies of insurance issued to Watchtower Bible & Tract Society of New York, Inc., Watchtower Bible & Tract Society of Pennsylvania, and Watchtower Bible & Tract Society of New Jersey, Inc. by AIC with respect to Cause Number 97-11-7275-B, styled *Jane Doe vs. Brownsville East Kingdom Hall of Jehovah's Witnesses, et al* ("The Underlying Action"). Said cause of action was filed in November, 1997 in the 138th District Court in Brownsville, Cameron County, Texas.

## PARTIES

2.    AIC is a corporation organized and existing under the laws of the State of Nebraska with its principal place of business in California.

3.    On information and belief, Defendant, Watchtower Bible & Tract Society of New York, Inc., is a New York Corporation authorized to do business in the State of Texas. This Defendant does not maintain a regular place of business or a designated agent for service of process and this proceeding arises out of the business done in this state. Accordingly, service of process may be had upon this Defendant by serving the Secretary of State for Texas by certified mail, return receipt requested, with two copies of this petition and process. The Secretary of State should then mail same by registered mail to this Defendant's authorized representative:

William R. Bell
2932 Kennedy Boulevard
Jersey City, New Jersey 07306

4.     On information and belief, Defendant, Watchtower Bible & Tract Society of Pennsylvania, is a Pennsylvania Corporation authorized to do business in the State of Texas. This Defendant does not maintain a regular place of business or a designated agent for service of process and this proceeding arises out of the business done in this state. Accordingly, service of process may be had upon this Defendant by serving the Secretary of State for Texas by certified mail, return receipt requested, with two copies of this petition and process. The Secretary of State should then mail same by registered mail to this Defendant's authorized representative:

Milton G. Henschel
1630 Spring Run Road Extension
Coraopolis, Pennsylvania 15108

5.     On information and belief, Defendant, Watchtower Bible & Tract Society of New Jersey, Inc., is a New Jersey Corporation authorized to do business in the State of Texas. This Defendant does not maintain a regular place of business or a designated agent for service of process and this proceeding arises out of the business done in this state. Accordingly, service of process may be had upon this Defendant by serving the Secretary of State for Texas by certified mail, return receipt requested, with two copies of this petition and process. The Secretary of State should then mail same by registered mail to this Defendant's authorized representative:

William R. Bell
2932 Kennedy Boulevard
Jersey City, New Jersey 07306

6.     On information and belief, Defendant, Brownsville East Kingdom Hall of Jehovah's Witnesses, is an unincorporated religious association, and service of process may be had on its authorized representative, Noel Edwin Holinka, at his home at 1035 Alta Mesa Blvd., Brownsville, Cameron County, Texas 78521, or at his place of business at Carling Switch, 3734 Industrial Blvd., Brownsville, Cameron County, Texas 78521, by personal service.

## JURISDICTION

7.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship), and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

## VENUE

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a).

## STATEMENT OF THE CASE

9.     AIC issued liability/automobile policies to the Defendants for the following policy periods:

(a)     July 15, 1978 to July 15, 1979; Policy No. LA-276 25 63;

(b)     July 15, 1979 to July 15, 1980; Policy No. LA-287 17 36; and

(c)     July 15, 1980 to July 15, 1981; Policy No. LA-294 79 27.

The terms and conditions of said policies are incorporated herein by reference the same as if fully copied and set for at length.

10. Suit was filed in November, 1997 by Jane Doe in the 138th District Court, Brownsville, Cameron County, Texas, Cause No. 97-11-7275-B. A true and correct copy of the Plaintiff's Original Petition in The Underlying Action is attached hereto as **Exhibit "A"**.

11. In The Underlying Action, Jane Doe alleges she regularly attended the Brownsville East Kingdom Hall of Jehovah's Witnesses from her birth in 1964 through much of her adult life. Further, Jane Doe contends that from approximately 1971 until his death in August, 1988 Roy Robinson ("Robinson") was an elder/minister at the Brownsville East Kingdom Hall of Jehovah's Witnesses.

12. Jane Doe further alleges in The Underlying Action that Robinson, using his position as an elder/minister, ingratiated himself with Jane Doe, and became a trusted family friend, counselor, spiritual advisor and an honored guest in Jane Doe's home. Jane Doe further contends that from approximately 1975 until his death in August, 1988, Robinson sexually abused and exploited Jane Doe. Jane Doe further contends in The Underlying Action that Robinson took advantage of Jane Doe's active interest in spiritual matters and urged her to enter counseling and teaching with Robinson while he was an elder/minister at the Brownsville East Kingdom Hall of Jehovah's Witnesses. During these supposed "counseling" sessions, Robinson sexually abused and exploited Jane Doe from approximately 1975 to 1988.

13. Jane Doe's alleged causes of action in The Underlying Action include the following:

> A. negligent assignment of Robinson to a position of trust or confidence and authority as an elder/minister;

B.     negligent failure to warn Jane Doe of the dangerous propensities of Robinson;

C.     failure to provide reasonable supervision of Robinson;

D.     failure to investigate numerous notices that Robinson was a danger to minors and young women;

E.     failure to implement reasonable policies and procedures to prevent unsupervised access to children by Robinson;

F.     failure to report Robinson for suspected child abuse;

G.     outrageous conduct which resulted in intentional infliction of emotional distress;

H.     breach of fiduciary duty;

I.     conspiracy;

J.     fraud and fraudulent concealment; and

K.     *respondent superior* under theories of agency and negligent assumption of the risk of intentional or criminal conduct.

14.     Jane Doe further pleads that she was sexually abused by Robinson while receiving mental health services from him as a member of the clergy and pleads Articles 81.001 et seq. of the Texas Civil Practices and Remedies Code as a basis for recovery.

15.     Further, Jane Doe contends that the Defendants acted with heedless and reckless disregard for her safety, which disregard was the result of conscious indifference to the rights, welfare and safety of Jane Doe in violation of the laws of the State of Texas. Jane Doe alleges

that Defendants' conduct amounted to gross negligence, fraud, and malice as those concepts are understood under Texas law, for which Jane Doe seeks exemplary damages.

16.     Jane Doe also seeks recovery for pre-judgment interest, post-judgment interest and attorneys' fees. Jane Doe seeks unspecified damages in The Underlying Action.

17.     Notice of The Underlying Action was forwarded to AIC on or about December 22, 1997. The Defendants have requested, under the terms of the insurance policies at issue, that AIC assume their defense and indemnity in The Underlying Action.

18.     AIC has no duty to indemnify Defendants for damages that are not covered under the terms of the AIC policies at issue. Furthermore, AIC has no duty to defend the Defendants against a lawsuit that does not allege damages that are potentially covered under the AIC policies. Under Texas law, the duty to defend is determined by the "complaint allegation rule" whereby the allegations of the underlying complaint are considered in light of the policy provisions. However, the allegations must be fairly and reasonably construed and the court must focus on the *facts* that are the origin of the damages claimed and not on the legal theories asserted by the claimant. AIC will show that it has no duty to defend or indemnify Defendants in The Underlying Lawsuit because the lawsuit does not allege damages within the coverage of the AIC policies at issue.

19.     The AIC polices at issue apply to **bodily injury** or **property damage** that comes within the terms of the policies. **"Occurrence"** is defined by the AIC policies as follows:

> **Occurrence** means an **accident**, including continuous or repeated exposure to conditions, which results in **bodily injury** or **property damage** neither **expected** nor **intended** from the standpoint of the insured.

20.     In order to be covered under the terms of the AIC policies, Jane Doe's injuries must have been caused by an **occurrence** which is defined as an "**accident**." The Underlying Lawsuit alleges that Jane Doe was injured when Robinson sexually assaulted Jane Doe. In The Underlying Lawsuit, all of the alleged damages arose out of Robinson's sexual assault on Jane Doe. Sexual assault is not an "**accident**." Because The Underlying Lawsuit does not allege an "**accident**", there is no "**occurrence**" as required by the AIC policies. Therefore, AIC has no duty to defend or indemnify Defendants in The Underlying Lawsuit.

21.     In addition, the AIC policies exclude coverage for "**bodily injury** or **property damage** neither **expected** nor **intended** from the standpoint of the insured." This exclusion is an additional reason why The Underlying Lawsuit does not allege damages that are potentially covered under the AIC policies and is an additional ground for finding that AIC has no duty to defend Defendants in The Underlying Action.

22.     AIC further requests that this Honorable Court declare that AIC has no duty to defend Defendants in The Underlying Action.

23.     AIC requests that this Honorable Court declare that AIC has no duty to indemnify Defendants in The Underlying Action.

24.     AIC has retained the law firm of Caron, McCormick, Constants & Goldberg to represent it in this action and has agreed to pay the law firm of Caron, McCormick, Constants & Goldberg reasonable and necessary attorneys' fees. An award of reasonable and necessary attorneys' fees to AIC would be equitable and just.

**WHEREFORE** American Insurance Company request that Plaintiff have the following:

1.    A declaration that American Insurance Company has no duty to defend Watchtower Bible & Tract Society of New York, Inc.; Watchtower Bible & Tract Society of Pennsylvania; Watchtower Bible & Tract Society of New Jersey, Inc.; and Brownsville East Kingdom Hall of Jehovah's Witnesses in Cause Number 97-11-7275-B, styled *Jane Doe vs. Brownsville East Kingdom Hall of Jehovah's Witnesses, et al*.

2.    A declaration that American Insurance Company has no duty to indemnify Watchtower Bible & Tract Society of New York, Inc.; Watchtower Bible & Tract Society of Pennsylvania; Watchtower Bible & Tract Society of New Jersey, Inc.; and Brownsville East Kingdom Hall of Jehovah's Witnesses for any judgment rendered against them in Cause Number 97-11-7275-B, styled *Jane Doe vs. Brownsville East Kingdom Hall of Jehovah's Witnesses, et al*.

3.    Reasonable and necessary attorneys' fees in the prosecution of this action;

4.    Costs of suit; and

5.    Such other and further relief in law or in equity to which American Insurance Company may be justly entitled to receive.

Respectfully submitted,

**CARON, McCORMICK, CONSTANTS
& GOLDBERG**
1999 Bryan Street, Suite 1115
Dallas, Texas  75201
(214) 220-5013
(214) 220-4278 - FAX


By: _____
       Kevin M. Murphy
       Texas State Bar No. 14701740


**ATTORNEYS FOR PLAINTIFF
AMERICAN INSURANCE COMPANY**

F:\KMM\WATCHTOWER\PLEADING\COMPLAIN

# EXHIBIT "A"

CAUSE NO. 97-11-7275-B

JANE DOE,                              §     IN THE 138th DISTRICT COURT
                                       §
            Plaintiff,                 §
                                       §
                                       §
                                       §    ┌─────────────────────────┐
                                       §    │ FILED                   │
                                       §    │ AURORA DE LA GARZA DIST. CLK │
                                       §    │                         │
                                       §    │    NOV 26 1997          │
V.                                     §     IN AND FOR
                                       §    │ DISTRICT COURT CAMERON CO. TX │
                                       §    └─────────────────────────┘
BROWNSVILLE EAST KINGDOM HALL §
OF JEHOVAH'S WITNESSES, and            §
its predecessors and                   §
successors; the WATCH                  §
TOWER BIBLE AND TRACT SOCIETY          §
OF PENNSYLVANIA, and its               §
predecessors and successors;           §
and the WATCHTOWER BIBLE AND           §
TRACT SOCIETY, INC. a/k/a/             §
the WATCHTOWER BIBLE AND               §
TRACT SOCIETY OF NEW YORK,             §
INC., and its predecessors             §
and successors,                        §
                                       §
            Defendants.                §     CAMERON COUNTY, TEXAS

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jane Doe, individually as Plaintiff, and files this Plaintiff's Original Petition,

complaining of the Brownsville East Kingdom Hall of Jehovah's Witnesses, and its predecessors

and successors; the Watch Tower Bible and Tract Society of Pennsylvania, and it predecessors and

successors; and the Watchtower Bible and Tract Society, Inc., a/k/a the Watchtower Bible and Tract

Society of New York, Inc., and its predecessors and successors, Defendants, and for cause would

show this Court:

## PARTIES

1.    Plaintiff, Jane Doe, is an individual residing in Cameron County, Texas. She is an
adult female whose identity is being made known to Defendants by separate cover
letter. Plaintiff was a minor at the time most of the sexual abuse and sexual
exploitation alleged herein occurred.

2.    On information and belief, Defendant, the Brownsville East Kingdom Hall of
Jehovah's Witnesses, along with its predecessors and successors, is an
unincorporated religious association, and service of process may be had on its
authorized representative, Noel Edwin Holinka, at his home at 1035 Alta Mesa Blvd.,
Brownsville, Cameron County, Texas 78521, or at his place of business at Carling
Switch, 3734 Industrial Blvd., Brownsville, Cameron County, Texas 78521, by
personal service.

3.    On information and belief, Defendant, the Watch Tower Bible and Tract Society of
Pennsylvania, along with its predecessors and successors, is a corporation,
incorporated in the State of Pennsylvania. This Defendant committed a tort in Texas,
engages in business in Texas, and has not designated or maintained a resident agent
for service of process, or, alternatively, committed a tort in Texas, engages in
business in Texas, but does not maintain a regular place of business or a designated
agent for service of process and this proceeding arises out of the business done in this
state. Accordingly, service of process may be had upon this Defendant by serving

the Secretary of State for Texas by certified mail, return receipt requested, with two copies of this petition and process. The Secretary of State should then mail same to this Defendant's authorized representative, Milton G. Henschel, Chair of Board, at the Defendant's home office at 1630 Spring Run Road Extension, Coraopolis, Pennsylvania 15108, by registered mail.

4.     On information and belief, Defendant, the Watchtower Bible and Tract Society, Inc., a/k/a the Watchtower Bible and Tract Society of New York, Inc., along with its predecessors and successors is a corporation, incorporated in the state of New York. This Defendant committed a tort in Texas, engages in business in Texas, and has not designated or maintained a resident agent for service of process, or, alternatively, committed a tort in Texas, engages in business in Texas, but does not maintain a regular place of business or a designated agent for service of process and this proceeding arises out of the business done in this state. Accordingly, service of process may be had upon this Defendant by serving the Secretary of State for Texas by certified mail, return receipt requested, with two copies of this petition and process. The Secretary of State should then mail same to this Defendant's authorized representative, Milton G. Henschel, at the Defendant's home office at 25 Columbia Heights, Brooklyn, New York 11201, by registered mail.

## II

## FACTUAL BACKGROUND

Plaintiff complains of Defendants, the Brownsville East Kingdom Hall of Jehovah's Witnesses, and its predecessors and successors, (the "Kingdom Hall"); the Watch Tower Bible and

Tract Society of Pennsylvania, and it predecessors and successors, (the "Pennsylvania Watch Tower"); and the Watchtower Bible and Tract Society, Inc., a/k/a the Watchtower Bible and Tract Society of New York, Inc., and its predecessors and successors, (the "New York Watchtower"); for injuries and damages arising out of the following facts:

5. At all times material herein, Roy Robinson, now deceased, was an elder (minister) of the Kingdom Hall. At all times material herein, Roy Robinson was an agent and/or representative of all three Defendants, was chosen to be in a position of leadership by the three Defendants, and remained under the supervision and control of the three Defendants.

6. The Plaintiff, Jane Doe, was raised in a family of devout members of the Jehovah's Witness religious organization, which includes the three Defendants. Jane Doe attended congregational meetings regularly, served as a "publisher" of the Jehovah's Witness beliefs, and regularly received counseling, guidance, and spiritual teaching from this religious organization, frequently by Roy Robinson. Jane Doe was taught to believe and to rely upon the moral and spiritual guidance of the Jehovah's Witness elders and leaders, and she developed great trust, confidence, reverence, respect, and obedience to the Jehovah's Witness organization, including the three Defendants.

7. Jane Doe regularly attended the Kingdom Hall from her birth in 1964 through much of her adult life. One of her daughters and her brother still attend there, and her other daughter regularly attended until 1997. Plaintiff's mother, sister, and another brother attend other area Jehovah's Witness congregations as well.

8. As an ardent follower of the Jehovah's Witness organization, Jane Doe trusted that

the Jehovah's Witness organization, including the three Defendants, and their servants, official representatives, elders, and other leaders would always act as they held themselves out to be namely: holy and chaste men, acting in her best interests, who would never expose her to any known or likely danger. Plaintiff Jane Doe trusted and expected all Defendants to act on her behalf with the highest degree of trust, confidence, honesty, good faith and loyalty.

9.   From approximately 1971 until his death in August 1988, Roy Robinson was an elder/minister at the Kingdom Hall. Roy Robinson, using his position as an elder/minister, ingratiated himself with the Plaintiff, Jane Doe, and became a trusted family friend, counselor, spiritual advisor and an honored guest in Plaintiff's home. From approximately 1975 until his death in August 1988, Roy Robinson sexually abused and exploited Plaintiff Jane Doe.

10.   Roy Robinson took advantage of Jane Doe's active interest in spiritual matters and urged her to enter counseling and teaching with Roy Robinson while he was an elder/minister at the Kingdom Hall. During these supposed "counseling" sessions, Roy Robinson sexually abused and exploited Plaintiff from approximately 1975-1988.

11.   Plaintiff would show the Court that the proximate cause of Roy Robinson's access to Plaintiff, Jane Doe, was his position as an elder/minister chosen, endorsed, and supervised by the three Defendants. As an elder/minister of the Kingdom Hall, Roy Robinson was an agent and representative of the three Defendants.

12.   Plaintiff alleges that Defendants should be estopped from denying that Roy Robinson

was at all times material an agent of the three Defendants. Roy Robinson's assignment as a Jehovah's Witness elder/minister provided the basis for contact between Roy Robinson and the Plaintiff, Jane Doe. Plaintiff further pleads respondeat superior, apparent agency, agency, agency by estoppel, and equitable estoppel.

13. The sexual abuse of Plaintiff arose from the exercise of authority, power, and access created by Roy Robinson's position as a Jehovah's Witness elder/minister. All three Defendants knew or should have known of the dangerous sexual propensities of Roy Robinson, yet they selected him as an elder/minister, chose not to remove him from a position with access to minors and young women, and failed to control his access to the Plaintiff, the minor he sexually abused through the access provided by his official duties.

14. As a direct result of the sexual abuse by Roy Robinson, the Defendants' role in allowing such abuse to occur, and the events pled herein, Jane Doe presently suffers from chronic psychological injuries which are so severe as to cause Plaintiff to be of unsound mind with regard to her psychological ability to assert these claims and even to discover the cause of her extreme psychological problems, as well as to perceive the wrongdoing of the three Defendants.

15. To the present day, all three Defendants continue to deny their wrongdoing, to fraudulently conceal their wrongful deeds from Plaintiff, to refuse to apologize and accept their responsibility for Plaintiff's suffering, and to blame Plaintiff for Roy Robinson's abuse.

16. Defendants' failure to remove Roy Robinson from his position exacerbated Plaintiff's injuries by causing her to be sexually abused for many years, which proximately caused additional emotional and psychological injuries to Jane Doe, and her emotional and psychological injuries became chronic. Additionally, Defendants' ongoing refusal to accept responsibility for their role in the abuse and to blame the Plaintiff instead has further exacerbated Plaintiff's injuries. Plaintiff Jane Doe's chronic psychological condition has prevented her from understanding and appreciating, until after November of 1995, that the serious emotional, psychological, social, and functional difficulties she suffers were the direct result of the actions and omissions described herein. Plaintiff's actions have been reasonable under all the surrounding circumstances. Plaintiff pleads delayed discovery of her claims against Defendants.

17. As a proximate result of the actions of Defendants, Plaintiff regressed emotionally and behaviorally, suffered severe psychological trauma, mental anguish, loss of ability to trust, loss of educational opportunities, loss of earnings, loss of earning capacity, all of which was a foreseeable result of Defendant's actions and the sexual abuse.

18. Defendants wholly failed to conduct an adequate investigation to determine whether Roy Robinson was suitable for a position of trust and confidence involving access to and power over children and others. In the alternative, Defendants conducted an investigation, ignored the results, and put Roy Robinson in a position of power and authority over children and others.

19.  Roy Robinson was a pedophile and sexual predator. Roy Robinson had a sexual fixation on minors when he came to the Kingdom Hall and which continued until his death. Defendants knew or should have known that Roy Robinson was a pedophile and sexual predator.

20.  Roy Robinson's sexual problems were handled in such a way as to conceal the fact that he was a sexual predator to minors and others. In spite of the fact that the three Defendants knew or should have known of Roy Robinson's dangerous sexual propensities, he was allowed to become an elder/minister of the Kingdom Hall and to continue in that position for almost twenty years.

21.  From 1975 through August 1988, Roy Robinson sexually abused Plaintiff, a minor for most of the period, on premises owned and operated by the Kingdom Hall and supposedly monitored by the Pennsylvania Watch Tower and the New York Watchtower. Alternatively, the premises were owned and operated by all three Defendants. Roy Robinson sexually abused Plaintiff with the knowledge of the three Defendants that Plaintiff, a minor, was constantly present with Roy Robinson.

22.  Despite the fact the three Defendants, including their predecessors, knew or should have known that Roy Robinson was a dangerous pedophile and sexual predator, they did not act to control his access to children and others.

23.  During the many occasions when the three Defendants knew or should have known of the dangerous sexual propensities of Roy Robinson, they never timely reported the matter to the authorities, as required by law.

24.  To this day, the three Defendants never paid or offered to pay for therapy for Plaintiff

or to provide her with any assistance, despite the fact that she asked for their help. Instead, Defendants belittled Plaintiff, made a mockery of her plea for help, and told her the abuse was her fault, thereby further exacerbating her injuries.

25. Jane Doe, has been continually subject to duress and religious duress from the date of the sexual abuse and exploitation to the present.

26. To this day, Defendants have fraudulently concealed the fact that they were aware of Roy Robinson's dangerous nature. Without such fraudulent concealment, it would have been apparent that Defendants had made deceptive statements to Plaintiff, and the existence of Plaintiff's additional claims against the Defendants would have been revealed. Instead, this information was fraudulently concealed from her by the Defendants.

27. All three Defendants are in a confidential or fiduciary relationship with the Plaintiff, grounded upon the duty of good faith and fair dealing and the duty to act with the highest degree of trust and confidence. This fiduciary relationship Includes the duty to disclose and to act to protect the Plaintiff from sexual abuse and exploitation by an elder/minister promoted by the three Defendants as being sexually safe, i.e., morally upright and chaste.

28. Defendants Pennsylvania Watch Tower and New York Watchtower are governing organizations which supervise, set policy for, and oversee the activities of all of the local Jehovah's Witness congregations, including Defendant Kingdom Hall, throughout the United States and worldwide. These Defendants control and operate the activities of the local Jehovah's Witness congregations in the United States and

worldwide in a hierarchical fashion; i.e.. policy is set by these Defendants and carried out on the local congregational and individual level. These two Defendants control extensive media operations that communicate with lay Jehovah's Witness members on an ongoing basis. These Defendants also send representatives, called "circuit overseers", directly to the local congregations to supervise and direct the activities of the local congregations, including Defendant Kingdom Hall. These two Defendants have assumed responsibility for approving, supervising, and guiding the selection and work of the local elders/ministers, including Roy Robinson.

29.    Plaintiff alleges that at some point in the past at a time unknown to the Plaintiff, but occurring at least by the mid 1970's, the Jehovah's Witness organization, as represented by the Pennsylvania Watch Tower and the New York Watchtower, knew or should have known of the wide-spread sexual abuse of children by clergy and that clergy tended to re-offend. These Defendants were aware that clergy gained access to children as the direct result of their status and responsibilities as church leaders. Despite the foreseeability of the sexual abuse of children by elders/ministers and the continuing nature of such sexual abuse, these Defendants aided and abetted the commission of these crimes by keeping these crimes secret, thereby failing to exercise reasonable care to protect Jehovah's Witness children or to assist children who have been sexually abused by Jehovah's Witness elders/ministers and other leaders, including Plaintiff.

30.    All three Defendants have a fiduciary relationship with the Jehovah's Witness laity and their children, grounded upon the duty of good faith and fair dealing and the duty

to act with the highest degree of trust and confidence. This fiduciary relationship includes the duty to warn, the duty to disclose, and the duty to protect children from sexual abuse and exploitation by Jehovah's Witness elders/ministers and leaders whom the Jehovah's Witness organization promotes as being the morally upright and chaste representatives of Jesus Christ.

31. Roy Robinson and his wife, Rose Robinson (who aided and abetted Roy Robinson in sexually abusing Plaintiff, Jane Doe), gave substantial sums of money, expensive gifts, numerous motor vehicles (including luxury vehicles, tractors, travel trailers, and trucks) and bonds to the Defendants and their leaders. The three Defendants chose to look the other way and ignore Roy Robinson's dangerous sexual propensities in order to continue to reap the benefits of the Robinsons' wealth and financial contributions.

32. Defendants Pennsylvania Watch Tower and New York Watchtower have set policies that promote the concealment of sexual abuse of children by local elders/ministers and Jehovah's Witness organization leaders. Such policies facilitate the sexual abuse of children. Defendant Kingdom Hall follows these policies. Consequently, all three Defendants aided and abetted the sexual abuse of Plaintiff, Jane Doe, by Roy Robinson.

33. Plaintiff Jane Doe was unable to discover that the three Defendants breached any duty owed to her giving rise to the claims against these three Defendants due to the acts of fraud, fraudulent concealment, breach of fiduciary duty, and concert of action to conceal these criminal and negligent activities, giving rise to a "civil conspiracy."

Defendants had knowledge and control of the facts giving rise to Plaintiff's claims against them but concealed, fraudulently concealed, and failed to disclose these facts. Plaintiff thus pleads delayed discovery of this fraud, fraudulent concealment, continuing overt acts in furtherance of a civil conspiracy, breach of fiduciary duty, and her other causes of action against these three Defendants despite reasonable diligence on her part.

34. The three Defendants failed to properly report the illegal sexual abuse of a child by Roy Robinson from 1975-1988, as required by law. Consequently, they engaged in criminal activity.

## III.

## CLAIMS OF CONSPIRACY

35. Plaintiff realleges, and incorporates herein by this reference, the allegations set forth in all prior paragraphs.

36. Plaintiff alleges that at some point in the past unknown to the Plaintiff, but occurring at least by the mid 1970's, the three Defendants became aware of the illegal sexual abuse of children by elders/ministers and of state statutes requiring the reporting of sexual crimes against children. These Defendants were also aware that elders/ministers gained access to children as the direct result of their status and responsibilities as elders/ministers and exercised tremendous power over children and their families as spiritual advisors and role models.

37. The policies set by the Defendants for handling cases of illegal sexual abuse of minors by elders/ministers and the procedures followed in this particular instance

demonstrate that child sexual abuse cases have been handled in such a fashion as to demonstrate a common plan and scheme for concealing these crimes from the public, failing to report child abuse, and thus avoiding criminal prosecution of perpetrators and the filing of civil claims by victims. Defendants followed this common plan and scheme to conceal the crimes of Roy Robinson and to avoid the loss of financial contributions and other remuneration by Roy and Rose Robinson. The members of this common plan and scheme included the agents of the three Defendants, Roy and Rose Robinson, and others unknown to the Plaintiff.

38.     The Defendants herein were aware of the harm to Plaintiff and the wrongful conduct of Roy Robinson at the beginning of the combination or agreement. These Defendants intended to accomplish the unlawful purpose of concealing crimes against children by Roy Robinson and/or intended to conceal their breach of duty to Plaintiff by the unlawful means of failing to report Roy Robinson's conduct to law enforcement authorities, as required by law. The Defendants intended to cause further injury to Plaintiff as a result of the failure to report the unlawful abuse as required by law. This combination had the result of concealing crimes against children by fraudulent and illegal means and concealing the facts giving rise to Plaintiff's claims for civil damages against all Defendants by fraudulent and illegal means. Acts in furtherance of this civil conspiracy were committed within two (2) years of November 26, 1997.

39.     The elements of a "civil conspiracy" have, therefore, been met by the actions of the three Defendants and Roy and Rose Robinson as follows:  (1) the combination

consists of two or more persons; (2) the combination desires to either accomplish an unlawful purpose (concealing the sexual abuse of children by failing to report said abuse) and/or to accomplish a lawful purpose (concealing their breach of duty by failing to report said abuse) by unlawful means; (3) there is a meeting of the minds on the object or course of action; (4) there are numerous unlawful, overt acts, i.e., the illegal sexual misconduct and the failure to report suspected child abuse as required by state reporting statutes; and (5) damages to the victim as the proximate result.

40.    All three Defendants participated in coordinated action, which resulted in the use of fraud and deception. This series of events was carried out as part of the civil conspiracy pled herein to keep the sexual abuse of children a secret, avoid the prosecution of elders/ministers as perpetrators and the filing of civil claims by victims, and to avoid the loss of financial benefits from Roy and Rose Robinson. False representations were used to avoid public knowledge of Plaintiff's harm. Efforts to conceal this combination are ongoing to the present day and also included the unlawful failure to report Roy Robinson to the proper authorities from 1975-1988.

## IV.

## CLAIMS OF FRAUD AND FRAUDULENT CONCEALMENT

41.    Plaintiff realleges, and incorporates herein by this reference, the allegations set forth in all prior paragraphs.

42.    Plaintiff alleges fraud against the three Defendants and that (1) each Defendant made material representations; (2) their representations were false; (3) each Defendant

knew its statement was false when made or recklessly made the statement as a positive assertion without knowledge of the truth; (4) each Defendant intended that the Plaintiff rely on the misrepresentations; (5) Plaintiff relied on the misrepresentations; and (6) Plaintiff suffered injury.

43.     Plaintiff claims that the three Defendants each took actions designed to fraudulently conceal the cause of Plaintiff's claims against these Defendants. Plaintiff alleges that (1) each Defendant had actual knowledge of the facts concealed and (2) each Defendant had a fixed purpose to conceal the wrong. Plaintiff thus alleges facts sufficient to establish fraudulent concealment in that Plaintiff has established (1) the existence of the underlying tort; (2) each Defendant's knowledge of the tort; (3) each Defendant's use of deception to conceal the tort; and (4) Plaintiff's reasonable reliance on Defendants' deception.

## V.

## CAUSES OF ACTION AGAINST DEFENDANT KINGDOM HALL, DEFENDANT PENNSYLVANIA WATCH TOWER, AND DEFENDANT NEW YORK WATCHTOWER

44.     Plaintiff realleges, and incorporates herein by this reference, the allegations set forth in all prior paragraphs.

45.     All three Defendants negligently assigned Roy Robinson to a position of trust, confidence, and authority as an elder/minister in direct contact with children and young women, when Defendants knew or should have known of his dangerous sexual propensities, thus they negligently entrusted minors to his care.

46.     All three Defendants negligently failed to warn Plaintiff, her family, or any of the
        Jehovah's Witness followers or members of Roy Robinson's dangerous propensities
        despite knowledge and notice of these propensities.

47.     All three Defendants failed to provide reasonable supervision of Roy Robinson's
        activities with children and young women.

48.     All three Defendants failed to investigate numerous notices that Roy Robinson was
        a danger to minors and young women and failed to remove him from a position
        involving contact with minors and young women.

49.     Plaintiff alleges that all three Defendants are liable for the acts and/or omissions of
        Roy Robinson under the legal doctrine of negligent assumption of the risk of
        intentional or criminal conduct. The Defendants realized or should have realized that
        Roy Robinson posed an unreasonable risk of harm to minors and young women
        including Plaintiff. Plaintiff thus pleads Section 302B of the Restatement (Second)
        of Torts, Section 302B.

50.     All three Defendants negligently failed to implement reasonable policies and
        procedures to prevent unsupervised access to children and young women by Roy
        Robinson even though they knew or should have known he was a danger to such
        persons.

51.     All three Defendants illegally failed to report Roy Robinson for suspected child
        abuse, as required by law, on numerous occasions.

52.     The outrageous conduct of all three Defendants at the time and on the occasions in
        question and continuing through the present day resulted in the intentional infliction

of emotional distress upon Plaintiff.

53. All three Defendants fraudulently concealed their knowledge of the criminal activities of Roy Robinson for the purpose of preventing Plaintiff from learning of the existence of claims against the Defendants for their assignment, supervision, investigation (or lack thereof), and failure to remove Roy Robinson. All three Defendants used deception to conceal crimes and to conceal their negligence in failing to properly assign, supervise, investigate, remove, and report Roy Robinson. Plaintiff reasonably relied upon this deception, which she failed to discover despite due diligence until after November 1995 and which is still being concealed from her to the present day.

54. Plaintiff alleges that these three Defendants breached their fiduciary duty to the Plaintiff, Jane Doe, by failing to disclose their knowledge of the criminal activities of Roy Robinson and by fraudulently concealing these activities. This duty includes the duty of good faith and fair dealing and a duty to disclose. Plaintiff did not and could not, in the exercise of reasonable diligence, learn of this breach of duty due to false representations and material misstatements of fact until after November 1995.

55. Plaintiff Jane Doe was sexually abused by Roy Robinson while receiving mental health services from him as a member of the clergy. Plaintiff thus pleads Articles 81.001, 81.002, 81.003, 81.004, 81.006 and 81.009 of the Texas Civil Practice and Remedies Code as a basis of recovery against all three Defendants herein. Plaintiff further pleads that all Defendants knew or should have known of the dangerous propensities of Roy Robinson and failed to disclose such propensities and that such

was a proximate cause of Plaintiff's injuries and damages.

56. The sexual assault in this case arose from Roy Robinson's exercise of authority, power, and access created by his position as an elder/minister for the Kingdom Hall, as approved and endorsed by all three Defendants. Plaintiff thus pleads vicarious liability under the doctrine of respondeat superior in that each of the three Defendants knew or should have known of the dangerous propensities of Roy Robinson and could foresee Roy Robinson's actions as arising from the duties of Roy Robinson as an elder/minister of Defendant Kingdom Hall. The authority of each of the three Defendants exceeds the customary employer/employee relationship, thus all three Defendants are vicariously liable for all actions of Roy Robinson.

57. Additionally, all three Defendants aided and abetted Roy Robinson in his sexual abuse of Plaintiff by giving him access to Plaintiff through his position of trust, by failing to warn Plaintiff, and by failing to remove him from his position of authority. Accordingly, each of the three Defendants is directly liable for Roy Robinson's sexual abuse of Plaintiff, and each Defendant thereby acted as an accomplice of Roy Robinson in violating state and federal statutes prohibiting sexual assault and battery. Such conduct constitutes negligence per se.

58. During the existence of the fiduciary relationship pled herein, all three Defendants actively and constructively stated and/or represented numerous falsehoods to Plaintiff, including the false representation that Roy Robinson was a man of good moral character, fit to be an elder/minister within the Jehovah's Witness organization who could be entrusted with the care, counseling, teaching, and instruction of

children and young women. These representations, among others outlined in this pleading, were false and untrue and were known to be false and untrue at the time they were made, or were made with a reckless disregard as to whether they were true or false. These falsehoods and nondisclosures were material facts made with the intent to deceive and to induce reliance. Plaintiff did not learn of the Defendants' knowledge of the falsity of said representations and/or of Defendant's failure to disclose the unfitness of Roy Robinson until after November 1995. Plaintiff neither knew of nor could she had discovered through the exercise of due diligence this fraud that had been committed by Defendants.

59.     Plaintiff incorporates the allegations made in paragraph 58 above and states that the three Defendants negligently misrepresented that Roy Robinson was of good moral character and fit to act as an elder/minister of the Jehovah's Witness religious organization, who could be entrusted with the care, counseling, teaching and instruction of children and young women such as Plaintiff.

60.     Plaintiff also alleges that all three Defendants failed to ascertain and apprise Plaintiff and her family of Roy Robinson's sexually predatory nature. Thus, the Defendants' representation that Roy Robinson was not sexually dangerous to young girls placed Plaintiff in peril. Plaintiff pleads that Defendants failed to exercise reasonable care, thus negligently misrepresented and negligently gave false information, which proximately caused harm to the Plaintiff, who reasonably relied upon the representation that Roy Robinson was suitable for a position involving access to minors and young women. Plaintiff thus pleads Section 311 of the Restatement

(Second) of Torts and the legal doctrine of negligent misrepresentation involving the risk of physical harm.

61. All three Defendants, at the time and on the occasions in question, and continuing through the present day, have acted with heedless and reckless disregard for the safety of the Plaintiff, which disregard was the result of conscious indifference to the rights, welfare, and safety of Plaintiff in violation of the laws of the State of Texas. Defendants' conduct amounted to gross negligence, fraud, and malice, as those concepts are understood under Texas law, for which Plaintiff seeks exemplary damages.

62. Plaintiff alleges that the three Defendants have entered into a civil conspiracy to accomplish an unlawful purpose (namely, concealing the illegal sexual abuse of Plaintiff and illegally failing to report such abuse to the authorities) and/or to accomplish a lawful purpose (namely, concealing their own negligence and breach of duty by the unlawful means of illegally failing to report such abuse to the authorities). This combination represents a meeting of the minds on the object or course of action to accomplish the above objectives and constitutes a civil conspiracy. Numerous unlawful overt acts have been committed in furtherance of this combination; namely, the failure to report Roy Robinson from 1975-1988 as required by state reporting statutes. Numerous overt acts have been committed in furtherance of this civil conspiracy including overt acts of fraud and deception continuing to the present day. As a result of this combination, Plaintiff has suffered damages as the proximate result.

63. Plaintiff has also alleged that these Defendants, individually and collectively, have acted to fraudulently conceal the cause of Plaintiff's injury, namely knowledge and negligence with regard to the illegal sexual abuse of Plaintiff by Roy Robinson, as well as the negligence, fraud, and breach of fiduciary duty on the part of these Defendants in concealing their knowledge and negligence. Each Defendant was knowledgeable of the existence of these claims. Each Defendant used deception to conceal these claims and their breach of duty in permitting the abuse to occur. Plaintiff has reasonably relied on the Defendants' deception and, until after November 1995 and despite reasonable diligence on her part, has been unable to discover that her claims against them were fraudulently concealed.

64. Plaintiff also alleges that all Defendants acted in concert and are jointly and severally liable for all acts and/or omissions pled herein under the legal doctrine of concert of action as joint venturers, and as agents of these entities, pursuant to Section 876 of the Restatement (Second) of Torts. Thus, Plaintiff seeks damages from all Defendants jointly and severally.

65. The actions of Defendants pled in Paragraphs 1-64 herein proximately caused the incidents in question and the damages sustained by Plaintiff arising therefrom and from Defendant's refusal to acknowledge this wrongdoing and make amends to Plaintiff as the Jehovah's Witness organization is instructed to do.

## VI.
## DAMAGES

66. As a result of the acts and omissions described herein, Plaintiff has incurred

medical/psychological treatment expenses in the past, which were reasonable and necessary, and in all reasonable probability will incur medical/psychological treatment expenses in the future.

67. Plaintiff has experienced pain and suffering in the past and in all reasonable probability will sustain pain and suffering in the future as a result of her psychological injuries.

68. Plaintiff has experienced mental anguish in the past and in all reasonable probability will sustain mental anguish in the future.

69. Plaintiff has suffered a loss of educational opportunities, loss of earnings, and loss of earning capacity in the past and in all probability will sustain such losses in the future.

70. Plaintiff has incurred many other damages and in all reasonable probability her social and professional adjustment in the future will be severely impacted.

71. As a result of the above, Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court.

72. Plaintiff also seeks punitive and exemplary damages in order to punish and deter the outrageous conduct performed by Defendants in heedless and reckless disregard for the safety of the Plaintiff and as a result of Defendants' conscious indifference to the rights, welfare, and safety of the Plaintiff, in violation of the laws of the State of Texas. The conduct of Defendants amounted to gross negligence, malice, and fraud, as those concepts are understood under Texas law, for which Plaintiff seeks exemplary damages.

## VII.
## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

73.    Plaintiff claims interest in accordance with article 5069-1.05 of V.A.T.S. and any
       other applicable law.

## VIII.
## ATTORNEYS' FEES

74.    Pursuant to Article 81.004 of the Texas Civil Practice and Remedies Code, Plaintiff
       seeks reasonable attorneys' fees incurred in the prosecution of this claim

## IX
## TOLLING PROVISIONS

75.    Plaintiff pleads delayed discovery of her claims against Defendants despite the
       exercise of reasonable diligence on her part, thus tolling the statute of limitations.

76.    Plaintiff pleads delayed discovery of the harm caused by the sexual abuse by Roy
       Robinson and further delayed discovery of the harm caused by Defendants' acts and
       omissions despite the exercise of reasonable diligence on her part, thus tolling the
       statute of limitations.

77.    Plaintiff pleads that she suffered diminished mental/psychological capacity,
       constituting unsound mind, as a direct result of psychological and psychiatric injuries
       resulting from the incidents in question and the actions of Defendants following these
       incidents, thus tolling the statute of limitations pursuant to Article16.001 of the Texas
       Civil Practice and Remedies Code. Additionally, Plaintiff's psychological defense
       mechanisms in response to the sexual abuse and religious duress kept her from
       discovering that Defendants had wronged her and that she had been injured by their

wrongdoing and kept her from discovering the nature of her injury. Plaintiff's diminished mental/psychological capacity has continued even to the present time.

78.     Plaintiff pleads fraud and fraudulent concealment of this fraud on the part of Defendants, thus suspending the running of limitations as to all claims.

79.     Plaintiff has pled fraudulent concealment of facts under Defendants' control which facts give rise to her causes of action against all Defendants, thus suspending the running of limitations.

80.     Plaintiff has pled fraudulent concealment of fraudulent statements and other fraudulent misrepresentations known to Defendants concealing Plaintiff's claims, thus suspending the running of limitations.

81.     Plaintiff has pled breach of fiduciary duty, including the duty to disclose, including the use of deception to conceal breach of duty of due care against all Defendants, thus suspending the running of limitations against all Defendants.

82.     Plaintiff has pled a civil conspiracy to conceal criminal acts, to conceal the commission of criminal acts, to conceal negligence by unlawful means, to conceal fraud, to conceal the breach of the duty of trust and confidence, and to conceal the use of deception by illegal means to avoid claims during the applicable limitations period, thus suspending the running of limitations against all Defendants as to all claims.

83.     Plaintiff has pled that she was unable to discover this fraud, fraudulent concealment, or the civil conspiracy despite reasonable diligence on her part until within two (2) years of the filing of her suit.

84.     Plaintiff saw Roy Robinson for the purpose of obtaining mental health services. Plaintiff thus pleads Article 81.001, 81.002, 81.003, 81.004, 81.006, and 81.009 of the Texas Civil Practice and Remedies Code as a basis of recovery against all Defendants herein, as a basis for tolling the limitations period for all claims described herein, and as a basis for recovering actual damages, exemplary damages, and reasonable attorneys' fees. Plaintiff further pleads that all Defendants knew or should have known of Roy Robinson's dangerous propensities and failed to disclose such propensities and that such was a proximate cause of Plaintiff's injuries and damages.

85.     Plaintiff alleges that the actions of all Defendants, including their conduct, statements, and promises, preclude them from claiming the bar of limitations as to any of Plaintiff's claims. Plaintiff thus pleads the doctrine of Equitable Estoppel.

WHEREFORE, Plaintiff prays that the Defendants be cited to appear and answer herein, and that upon final judgment of this cause, Plaintiff have judgment against Defendants jointly and severally for damages described herein, exemplary damages, attorneys' fees, interest from the date of the incident at the lawful rate, costs of suit, and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Barbara J. Elias-Perciful
State Bar No. 06515500
3767 Forest Lane, Suites 124/295
Dallas, Texas 75244-7100
214/631-8300; 214/631-8310 FAX
ATTORNEY FOR PLAINTIFF